IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>RICKY D. POTTS,<br><br>            Defendant.<br>_____/ | No. C 04-04497M JSW<br><br>**ORDER GRANTING UNITED STATES' MOTION FOR SUMMARY JUDGMENT** |

Now before the Court is the motion for summary judgment filed by Plaintiff United States of America ("United States"). Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, the Court hereby GRANTS plaintiff's motion for summary judgment.

**BACKGROUND**

According to the record before the Court, between September 9, 1986 and April 28, 1989, Defendant Ricky Dean Potts applied for and received under 42 U.S.C. § 292f seven Health Educational Assistance Loans ("HEAL") totaling $38,092.00 to attend Texas Chiropractic College. (*See* Declaration of Barry Blum ("Blum Decl.") at ¶ 3.) To obtain the HEAL loans, Potts executed seven promissory notes. (*See* Blum Decl., Exs. 1-7.) Potts' loan was to repaid at a variable rate of interest beginning the first day of the tenth month after Potts ceased to be a full-time student. The Student Loan Marketing Association ("SLMA") purchased Potts' notes and received an assignment. (Blum Decl. at ¶ 5, Exs. 1-7.) During the period April 1, 1991 through January 23, 1993, Potts was granted forebearance of payments and between

1  October 25, 1990 and July 6, 1993, Potts made eleven payments totaling $3,000.46.  (Blum
2  Decl. at ¶ 6.)  On September 17, 1993, Potts filed a Chapter 13 petition for relief in the United
3  States Bankruptcy Court for the Southern District of Texas.  (Blum Decl. at ¶ 7.)  However,
4  pursuant to 42 U.S.C. § 292f(g), Potts' HEAL debt was not dischargeable under bankruptcy.
5  Due to Pott's bankruptcy, the SLMA filed an insurance claim in the amount of $58,741.00 on
6  October 18, 1993 with the Department of Health and Human Services ("DHHS").  (Blum Decl.
7  at ¶ 8.)  The claim was paid on October 28, 1993 and an assignment of notes was received by
8  the DHHS.  (*Id.*)  DHHS notified Potts by letter dated November 1, 1993 that the previous
9  holder of his promissory notes had submitted an insurance claim and had assigned his notes to
10 the United States Government.  (Blum Decl. at ¶ 9.)  A credit of $114.45 was applied to Potts'
11 account on December 13, 1993 as a result of a SLMA refund.  (Blum Decl. at ¶ 10.)  Up until
12 February 21, 2006, a total of $3,114.91 has been credited to Potts' account.  (Blum Decl. at ¶
13 11.)  Each of the seven loan principals have accrued interest computed at a variable rate that is
14 adjusted quarterly with compounding of accrued interest.  Therefore, the current principal is
15 greater than the original amount borrowed.  (Blum Decl. ¶ 12.)  The total balance due on April
16 14, 2006 is $137,472.50, plus accruing interest of $26.08 per day thereafter until entry of
17 judgment.  (Blum Decl. ¶ 13.)

18         In his defense, on March 29, 2006, Potts submitted a filing entitled "Letterogatory"
19 which he urges that the Court not construe as a pleading.  However, because Potts failed to
20 make an appearance at the hearing held in this matter, the Court must construe the submission
21 as the only defense asserted.  In his letter to the Court, Potts submits that the claims against him
22 have been discharged by virtue of a "negotiable instrument" dated January 26, 2004, which he
23 claims was offered in full settlement and closure of the indebtedness.  (*See* Letterogatory filed
24 on March 29, 2006 at 2, *see also* Potts' Affidavit in Support of Default at ¶ 3.)  At the hearing
25 on this matter, counsel for the United States filed a declaration with the alleged instrument
26 attached for the Court's review.  (*See* Declaration of Michael Cosentino, Ex. 1.)  There is
27 nothing to indicate that this piece of paper claiming to satisfy the debt refers to an account with
28 sufficient funds to cover the balance owed or that any such transfer has actually occurred.

2

**DISCUSSION**

**A.     Legal Standard on Motion for Summary Judgment.**

Summary judgment is proper when the "pleadings, depositions, answers and interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). An issue is "genuine" only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). A fact is "material" if the fact may affect the outcome of the case. *Id.* at 248. "In considering a motion for summary judgment, the court may not weigh the evidence or make credibility determinations, and is required to draw all inferences in a light most favorable to the non-moving party." *Freeman v. Arpaio*, 125 F.3d 723, 735 (9th Cir. 1997).

When the party moving for summary judgment bears the burden of proof at trial, they must produce evidence that would entitle him or her to a directed verdict if the evidence went uncontroverted at trial. *C.A.R. Transp. Brokerage Co., Inc. v. Darden*, 213 F.3d 474, 480 (9th Cir. 2000). Once the moving party meets its initial burden, the non-moving party must go beyond the pleadings and set forth specific facts supported by admissible evidence showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *see also Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). In opposing summary judgment, the non-moving party is not entitled to rely on mere allegations or suppositions without properly submitting supporting evidence. Fed. R. Civ. P. 56(e); *see also S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines) v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982) (stating that "a party cannot manufacture a genuine issue of material fact merely by making assertions in its legal memoranda"). Rather, the non-moving party must "identify with reasonable particularity the evidence that precludes summary judgment." Fed. R. Civ. P. 56(e). It is not the Court's task to "scour the record in search of a genuine issue of triable fact." *Keenan*, 91 F.3d at 1279 (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995). If the non-moving party fails

to make this showing, the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986).

**B.     United States' Motion for Summary Judgment.**

In a suit on a promissory note, the initial burden is on plaintiff to establish, through verified pleadings and exhibits in evidence, the existence of the note, defendant's default and the amount due. *United States v. Irby*, 517 F.2d 1042, 1043 (5th Cir. 1975). The burden then shifts to defendant to prove that the amount alleged to be due is not still owing. *Id.*

Here, the United States moves for summary judgment, arguing that the Government has met its burden of proof with respect to Potts' liability for the amounts owed for his student loans. The evidence produced before the Court indicates that the amount is still outstanding. The United States has met its initial burden of demonstrating the existence and terms of the loans. In response, Potts submits only that the debt was discharged by his submission of an alleged negotiable instrument dated January 26, 2004. However, the alleged instrument does not discharge the obligation as there is no reference to an account with sufficient funds to cover the balance and there has been no transfer of actual funds to the United States. Because the United States satisfied its initial burden regarding the amount owed on Potts' outstanding student loans, and the only evidence referred to by Potts in his various submissions to the Court indicate that the amount is still due, the Court GRANTS the United States' motion for summary judgment. Therefore, the Court finds that Potts owes payment on his outstanding debt to the United States in the amount of $137,472.50.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS the United States' motion for summary judgment. The Clerk of Court is directed to close the file.

**IT IS SO ORDERED.**

Dated: April 18, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4